[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1783

UNITED STATES,

Appellee,

v.

JOSE A. DIAZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Paul M. Glickman on brief for appellant.
Margaret E. Curran, United States Attorney, Gerard B. Sullivan, Assistant U.S. Attorney, and Joseph C. Wyderko, Attorney, Criminal Division, U.S. Department of Justice, on brief for appellee.

---

**Per Curiam**.  Defendant-appellant Jose Diaz ("Diaz") appeals his sentence after a guilty plea on the ground that the government breached its plea agreement by failing to recommend that Diaz receive a three level reduction for acceptance of responsibility under § 3E1.1 of the United States Sentencing Guidelines ("Guidelines").  The government counters that it was not bound by the plea agreement because Diaz violated its terms when he provided a false statement to Probation Services for inclusion in the presentence report.

It is well established that if a defendant fails to fulfill his promises under a plea agreement, the government is released from its obligations under it.  See, e.g., United States v. Santiago-Gonzalez, 66 F.3d 3, 6 (1st Cir. 1995); United States v. Baladacchino, 762 F.2d 170, 179 (1st Cir. 1985).  The plea agreement here explicitly stated that it was binding on the government only if Diaz pleaded guilty to the specified offenses and "[d]id not engage in any conduct which may constitute obstruction of justice under § 3C1.1 of the guidelines." Obstruction of justice under § 3C1.1 includes "providing materially false information to a probation officer in respect to a presentence report or other investigation for the court." § 3C1.1 comment. (n. 4(h)).

Diaz violated the agreement when he submitted a statement of responsibility to the probation office in which he stated that he had not used a "real" gun during the bank robbery. By claiming that he had used an air gun during the robbery, Diaz denied an essential element of at least two of the offenses to which he pleaded guilty. In addition to pleading guilty to conspiracy and armed robbery charges, Diaz pleaded guilty to using a "firearm" during and in relation to a crime of violence under 18 U.S.C. § 924(c) and being a felon in possession of a "firearm" under 18 U.S.C. § 921(a)(3)(A). Neither a pellet gun nor a BB gun are firearms within the meaning of the statute or the Guidelines. 18 U.S.C. § 921(a)(3)(A); U.S.S.G. § 1B1.1 comment. (n.1(e)). The government had extrinsic evidence, as well as Diaz's own admission at the plea hearing, that Diaz used a 9 mm firearm during the bank robbery.

Diaz relies on the sentencing court's decision to not enhance his sentence for obstruction of justice to bolster his contention that he did not breach the plea agreement. Judge Lagueux's discretionary decision, however, does not amount to a finding that Diaz did not obstruct justice within the meaning of the Guidelines. To the contrary, the sentencing court found, beyond a reasonable doubt, that Diaz had brandished a 9 mm firearm during the bank robbery.

Having found no error in the proceedings below, we hereby affirm the sentence imposed by the district court.  Loc. R. 27(c).

**Affirmed**.